KLEIN *v.* CITY OF CINCINNATI ET AL.

(Decided May 14, 1929.)

*Messrs. Hightower, O'Brien & Porter,* for plaintiff in error.

*Mr. John D. Ellis,* city solicitor, and *Mr. Milton H. Schmidt,* for defendants in error.

CUSHING, J. Peter N. Klein brought an action in the court of common pleas of Hamilton county seeking to enjoin the city of Cincinnati from enforcing certain ordinances requiring chauffeurs of public motorbusses, operating within the limits of the city of Cincinnati, to secure licenses, as provided by Ordinances No. 408-1925 and No. 30-1922, as amended by Ordinance No. 176-1922, of the city of Cincinnati. In his amended petition, plaintiff claims that Ordinance No. 11-1927, passed subsequent to the filing of his original petition, is unreasonable and arbitrary.

No evidence was introduced, and the case was heard on demurrer to the answer of the city of Cincinnati.

But one issue of fact is made by the pleadings— that is, as to whether or not the plaintiff, and those similarly situated, had secured a license from the state—but, in our view of the law, this is not important. We shall therefore consider the case on demurrer.

Counsel for Klein claim that the ordinances in question are in conflict with the laws of the state of Ohio, are unreasonable, and are therefore void.

The ordinances in question were pleaded.

The sections of the statutes on which counsel for plaintiff relies, and with which he claims the ordinances in question are in conflict, are Sections 614-97, 6302 and 6304, General Code.

Section 6302, General Code, directs the secretary of state to cause examinations of persons operating motor vehicles to be held in various parts of the state, and requires the person seeking registration to pay a fee of one dollar.

Section 6304, General Code, directs the secretary of state to keep a list or register of applicants, and provides that he shall forward the list of such registered chauffeurs, from time to time, to the county clerk of each county of the state.

Section 614-97, General Code, provides, among other things: ''Upon the issuance of the certificate to drive, the applicant shall pay the registration fee and no further fee shall be charged or examination required by the state or any local authorities in the state.''

If these were the only sections of the statute on the question, the contention of the plaintiff should be sustained, but we must consider Sections 3632 and 3714, General Code.

Section 3714 grants special power to municipal corporations to regulate the use of the streets, and directs that it shall cause them to be kept open, in repair, and free from nuisance.

Section 3632 authorizes municipalities to regulate the use of omnibusses, automobiles, and every description of carriages kept for hire, and ''to license and regulate the use of the streets by persons who use vehicles, or solicit or transact business thereon; * * * .''

This power granted to municipalities was upheld by the Supreme Court in the case of *Village of Perrysburg* v. *Ridgway,* 108 Ohio St., 245, 140 N. E., 595.

The ordinances passed by council were enacted

under authority of Sections 3714 and 3632, General Code. The sections of the statute relied on by counsel for plaintiff, Sections 6302 and 6304, General Code, if plaintiff's construction is to be adopted, would nullify Sections 3632 and 3714, General Code.

It is the law that, where statutes are in apparent conflict, they should be construed together, and, if possible, effect should be given to each. Under this rule, Sections 6302 and 6304, General Code, would apply to districts of the state, except in municipalities where council has acted under authority of Sections 3632 and 3714, General Code, under which sections municipalities are authorized to license drivers within the limits of such municipalities. The construction above stated would give effect to all the laws enacted by the state, and a motorbus chauffeur operating within the limits of the city of Cincinnati would not be required to secure a state license; and, if he did secure such state license, that would not relieve him from securing a city license.

Under the construction of the statutes above cited, the ordinance in question would not be in conflict with general laws. It might be added that Section 3714 is a grant of special power, and, as we understand it, special acts of the General Assembly control the general laws.

It is claimed that the ordinances are unreasonable. The questions of control of the streets and the issuing of licenses, above referred to, are vested in council, and are matters properly within the scope of the legislative branch of the government. Therefore they will not be held to be unreasonable unless they amount to an abuse of discretion. In our opinion the

provisions of the ordinances in question do not amount to an abuse of discretion.

It is further claimed that the ordinances vest judicial power in executive officers of the city. The revocation of a license is not a judicial act.

A demurrer was filed to the petition, to the amended petition, to the answer, and to the second amended answer.

In this case the question turns on whether or not the plaintiff and those similarly situated, admitting they did secure state licenses, can be required to secure licenses from the city of Cincinnati. The law authorizes municipalities to require a city motorbus chauffeur to obtain a license. Therefore the demurrers to the answers will be overruled, and the demurrer to the petition and the amended petition will be sustained, and the cause will be dismissed at plaintiff's costs.

*Demurrer to petition and amended petition sustained.*

Ross and HAMILTON, JJ., concur.